| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSE HERRERA,<br><br>Defendant. | 04-CR-1<br>09-cr-1093 (JBW)<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

I.     Introduction

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007))

1

(internal quotations and alterations omitted). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

## II. Plea and Sentencing Guidelines

On June 14, 2005, Jose Herrera pled guilty to a single-count indictment, which charged that between October 6, 2004, and November 15, 2004, Herrera and others conspired to distribute and possessed with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

Herrera was sentenced on January 13, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal). Any underlying charges in the indictment were dismissed upon motion by the government.

At sentencing, the court found the total offense level to be thirty-three and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 135 and 168 months. The total offense level included a two-level aggravating role adjustment because the defendant was a supervisor in a criminal activity involving less than five participants. See U.S.S.G. § 3B1.1(c). The offense carried a mandatory minimum term of imprisonment of ten years and a maximum term of life in prison. See 21 U.S.C. § 841(b)(1)(A). A five-year term of supervised release was mandatory absent a finding by the court that the defendant satisfied the mitigating factors provided in 18 U.S.C. § 3553(f). See 21 U.S.C. §

841(b)(1)(A). The guidelines range of fine was from $17,500 to $175,000, with a statutory maximum fine of $4,000,000. See id.

Defendant attempted to cooperate with the government by providing substantial assistance in order to earn a government motion pursuant to section 5K1.1 of the United States Sentencing Guidelines. Such a motion would allow the court to order a sentence below the ten-year statutorily required minimum sentence. See 18 U.S.C. § 3553(e); 28 U.S.C. § 994(n). The defendant was not truthful with the government. He further violated the terms of the cooperation agreement by communicating the content of his discussions with the government to a co-defendant. The government did not submit a motion under section 5K1.1. The ten-year statutory minimum applied. See Sentencing Hr'g Tr. 9-10, Jan. 13, 2009.

### III. Court's Sentencing Decision

Herrera was sentenced to 135 months imprisonment and five years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under section 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). If the defendant had fulfilled the terms of his cooperation agreement with the government and a motion pursuant to section 5K1.1 had been submitted, the court would have been inclined to order a sentence of time served, pursuant to section 3553(a). See Sentencing Hr'g Tr. at 27.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant was responsible for smuggling, at a minimum, 100 pounds of illegal and dangerous drugs from Mexico into the

United States. The crime involved a highly sophisticated method of importing and receiving narcotics. The defendant is highly intelligent, has strong family support, and has the potential to be successful in lawful endeavors. He has expressed remorse and taken responsibility for his criminal actions. Based on these facts alone, the court would sentence the defendant to 120 months imprisonment, the statutorily mandated minimum sentence.

Also considered by the court in its sentencing decision was the heavy importation of drugs from Mexico, which has a profound and adverse impact on safety and development in that country. Transnational drug trafficking causes exceptional harm to communities in Mexico from which the narcotics are sent, including violence, corruption, and destabilization. See Joel Kurtzman, Mexico's Instability is a Real Problem, Wall St. J., Jan. 16, 2009, at A9; Steven E. Hendrix, The Merida Initiative for Mexico and Central America: The New Paradigm for Security Cooperation, Attacking Organized Crime, Corruption and Violence, 5 Loy. Int'l L. Rev. 107, 115 (2008) ("Crime and violence diminish the security and well being of all who live in Mexico. They undermine confidence in democratic government within the country and also tarnish Mexico's international image."). It poses considerable danger to communities in the United States in which they are distributed. Id. In view of these special circumstances, the court increased the imposed sentence by fifteen months to 135 months imprisonment -- a sentence at the lower end of the guidelines range. Cf. Cavera, 550 F.3d at 195 (finding that the fact "that the crime will have a greater or lesser impact given the locality of its commission is appropriately considered in crafting a reasonable sentence post-Booker" and affirming the sentencing court's enhanced sentence for a gun-related crime based upon the need to impose a more severe penalty to produce adequate deterrence in that jurisdiction (quoting United States v. Lucania, 379 F.Supp. 2d 288, 296 (E.D.N.Y. 2005))); United States v. Politano, 522 F.3d 69, 72 (1st Cir. 2008) (affirming an above-Guidelines sentence for a gun trafficking offense where the district

4

court made a specific finding that there was an "epidemic of handgun violence in communities within" that jurisdiction).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the importation of narcotics into the United States from Mexico will result in a substantial prison sentence. The sentence enhancement by fifteen months as described above takes into account this consideration. Specific deterrence is achieved through the lengthy period of incapacitation and eventual deportation.

## IV. Conclusion

The court has taken into account the "nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), including relevant international considerations – namely the impact of drug trafficking crimes in Mexico and this jurisdiction and the relative need for adequate deterrence – in determining the appropriate sentence for this defendant. See 18 U.S.C. § 3553(a)(2)(B); Cavera, 550 F.3d at 195. A sentence of 135 months imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. §§ 3553(a)(2)(A) and 3553(a)(4)(A).

_____
Jack B. Weinstein
Senior United States District Judge

Dated: January 30, 2009
       Brooklyn, New York